IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**KIRK ALAN SWEARINGEN,**<br><br>      **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:06-CR-651-DAK**<br><br>**Judge Dale A. Kimball** |

  On September 9, 2024, the court received a request from Defendant seeking early termination of his supervised release. On June 25, 2007, this court sentenced Defendant to 120 months incarceration and life supervised release for possession of child pornography. On October 21, 2021, this court sentenced Defendant on a violation of supervised release to 9 months incarceration and life supervised release. Defendant's current term of supervised release began on January 11, 2022. The United States opposes Defendant's motion. Defendant's United States Probation Officer has provided the court with a supervision summary and similarly recommends that the court not grant early termination of supervised release at this time.

  Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The factors to be considered in Section 3553(a) are those factors to be considered in imposing a sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," the applicable sentencing guidelines and any

policy statements issued by the Sentencing Commission, and the need for the sentence imposed to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services. *See* 18 U.S.C. § 3553(a).

Defendant's supervision summary indicates that Defendant has completed sex offender treatment and maintained current registration updates as required, been gainfully employed through most of his supervision, and has family and community support. Defendant's motion was also accompanied by letters from friends indicating their support for him.

Defendant takes issue with being sentenced to a lifetime of supervised release. However, such a sentence is common in child pornography cases. Given the concerns of his probation officer, the court believes that Defendant will benefit from continued supervision. The court agrees that it is too early in his term of supervised release to consider terminating supervision. Defendant should continue to have constructive communication with his probation officer regarding his progress. At this time, the court denies Defendant's motion for early termination of supervised release.

Dated this 2d day of October 2024.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge