IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**KIRK ALAN SWEARINGEN,**<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:06-CR-651-DAK<br><br>Judge Dale A. Kimball |

On December 19, 2025, the court received a request from Defendant seeking early termination of his supervised release. On June 25, 2007, this court sentenced Defendant to 120 months incarceration and life supervised release for possession of child pornography. On October 21, 2021, this court sentenced Defendant on a violation of supervised release to 9 months incarceration and life supervised release. Defendant's current term of supervised release began on January 11, 2022. Defendant's United States Probation Officer has provided the court with a supervision summary that states Defendant does not meet the criteria under the Guide to Judiciary Policy for assessing whether a statutorily eligible offender should be recommended to the court as an appropriate candidate for early termination.

Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The factors to be considered in Section 3553(a) are those factors to be considered in imposing a sentence, including "the nature and circumstances of the offense and

the history and characteristics of the defendant," the applicable sentencing guidelines and any policy statements issued by the Sentencing Commission, and the need for the sentence imposed to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services. *See* 18 U.S.C. § 3553(a).

Defendant's supervision summary indicates that Defendant has completed sex offender treatment and maintained current registration updates as required, been gainfully employed through most of his supervision, and has family and community support. But Defendant's probation officer has had instances of concern with Defendant's computer and video calls.

Defendant takes issue with being sentenced to a lifetime of supervised release. However, such a sentence is common in child pornography cases. Given the concerns of his probation officer, the court believes that Defendant will benefit from continued supervision and that it is too early in his term of supervised release to consider terminating supervision. At this time, the court denies Defendant's motion for early termination of supervised release.

Dated this 12th day of February 2026.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge