**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>v.<br><br>**KIRK ALAN SWEARINGEN,**<br><br>**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:06-CR-651-DAK**<br><br>**Judge Dale A. Kimball** |

This matter is before the court on Defendant's renewed Motion to Terminate, Or In the Alternative, Reduce Lifetime Supervised Release to a Finite Term. This is Defendant's third such motion. The court recently denied his request in February 2026. There have been no significant developments in Defendant's supervision since that time.

On June 25, 2007, this court sentenced Defendant to 120 months incarceration and life supervised release for possession of child pornography. Defendant violated his supervised release and was again incarcerated for nine months. On October 21, 2021, this court sentenced Defendant on a violation of supervised release to 9 months incarceration and life supervised release. Defendant's current term of supervised release began on January 11, 2022.

In September 2025, the monitoring software on Defendant's internet capable device captured images of minors and it could not be determined that adults were present. Defendant had been participating in video calls with a family in Pakistan who have children under the age of 18. Defendant's probation officer instructed him to terminate any communications with minors or calls with minors present. This did not result in a formal violation of his supervised

release, but it causes the court concern that he would need to be instructed by his probation officer about fully complying with his terms of supervised release.

Defendant moves for early termination or a reduced term of his supervised release, but his history of having one violation that resulted in incarceration and an incident that could have been a violation do not support any change to his current sentence. Defendant's United States Probation Officer has provided the court with a supervision summary that states Defendant does not meet the criteria under the Guide to Judiciary Policy for assessing whether a statutorily eligible offender should be recommended to the court as an appropriate candidate for early termination.

Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."   The factors to be considered in Section 3553(a) are those factors to be considered in imposing a sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," the applicable sentencing guidelines and any policy statements issued by the Sentencing Commission, and the need for the sentence imposed to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services.  *See* 18 U.S.C. § 3553(a).

Defendant's requests for early termination repeatedly attack his lifetime supervised release. The guidelines for supervised release in child pornography cases, such as Defendant's commonly impose lifetime supervised release. The nature of Defendant's crimes is very serious and has high recidivism rates. The imposition of the lifetime supervised release was appropriate,

2

and Defendant has not provided any evidence to the court that would rebut the appropriateness of that sentence. Defendant has had one violation and another concerning incident while on supervised release. These instances demonstrate why a defendant in this type of case, such as Defendant, needs continued monitoring. The goal of supervised release is to become certain that a defendant is not likely to repeat the prior conduct. Defendant has not demonstrated a history of compliance while on supervised release. The latest concerning incident was less than a year ago. Defendant is in no position to request early termination or reduction of his term of supervised release. Accordingly, the court concludes that there is no basis for reducing his term of supervised release. Until Defendant has completed many years without any concerning incidents, the court will not consider an early termination of his supervised release. His motion, therefore, is denied.

Dated this 19th day of May 2026.

BY THE COURT:

DALE A. KIMBALL
United States District Judge